UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| TONY TURNER, ) | |
| ) | |
| Plaintiff, ) | Case No.: |
| ) | |
| v. ) | |
| ) | |
| CALABRIA PIZZA & SUBS, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

Plaintiff Tony Turner brings this case against Defendant Calabria Pizza & Subs, Inc. seeking unpaid overtime wages and other available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff has asserted a federal claim pursuant to the FLSA.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this judicial district and a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## PARTIES

*Plaintiff*

3. Plaintiff Tony Turner is an adult resident of Cumming, Georgia. Turner worked as a manager at Defendant's restaurant located in Alpharetta, Georgia. Plaintiff was not paid

1

overtime compensation for hours he worked in excess of 40 in a workweek even though he regularly worked more than 40 hours in a workweek.

4. At all relevant times, as employee of Defendant, Plaintiff was engaged in commerce or in the production of goods for commerce as described in 29 U.S.C. §§ 206 and 207.

*Defendant*

5. Defendant Calabria Pizza & Subs, Inc. owns and operates a restaurant located in Alpharetta, Georgia where Plaintiff was employed.

6. At all relevant times, Defendant was an "enterprise engaged in commerce or the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s).

7. At all relevant times, Defendant has employed two or more persons, including Plaintiff, "engaged in commerce or in the production of goods for commerce," as defined in § 203(s)(1)(A)(i).

8. At all relevant times, Defendant achieved annual gross sales made or business done of not less than $500,000.00 in accordance with § 203(s)(1)(A)(ii).

9. Defendant issued paychecks to Plaintiff during his employment.

10. Defendant directed the work of Plaintiff and benefited from work performed that Defendant suffered or permitted from him.

11. Defendant did not pay Plaintiff overtime compensation for hours he worked for Defendant's benefit in excess of 40 hours in a workweek.

**FACTUAL ALLEGATIONS**

12. From approximately 2007 to 2018, Plaintiff worked as a manager at Defendant's restaurant located in Alpharetta, Georgia.

13. At all times, Defendant paid Plaintiff on an hourly basis.

14. Defendant tracked Plaintiff's hours worked by requiring him to clock in and out on Defendant's point of sale system.

15. During the relevant time period, Plaintiff regularly worked more than 40 hours per week. Defendant paid Plaintiff via a biweekly paycheck for his first 40 hours per workweek. Defendant paid Plaintiff cash at his regular hourly "straight time" rate for hours over 80 worked during the biweekly pay period. He did not receive overtime compensation for hours worked over 40 in a workweek.

16. Through its unlawful actions, Defendant has deprived Plaintiff of overtime wages owed to him.

17. Defendant acted willfully in failing to pay overtime compensation to Plaintiff for hours worked over 40 in a workweek. Defendant knew or should have known that Plaintiff was was required to be paid overtime compensation for all hours worked over 40 in a workweek.

## COUNT I - FAIR LABOR STANDARDS ACT

18. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if alleged fully herein.

20. As set forth above, Defendant's failure to pay Plaintiff overtime compensation at a rate of one and one-half times his regular rate of pay owed to him during the three-year period preceding the filing of this Complaint violates the Fair Labor Standards Act, 29 U.S.C. § 207.

21. Defendant's failure to pay Plaintiff in accordance with the requirements of Section 207 of the FLSA was in willful disregard of the overtime wage compensation requirements of the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following relief:

A. An award of all damages for unpaid wages and compensation due to Plaintiff under the FLSA;

B. An award of liquidated damages pursuant to 29 U.S.C. § 216(b);

C. A finding that Defendant's violations of the FLSA have been willful and that, therefore, the statute of limitations for the FLSA claim is three years;

D. Attorneys' fees and costs;

E. Pre- and post-judgment interest; and

F. Any other relief to which Plaintiff may be entitled.

Dated: October 24, 2018                              Respectfully submitted,

*/s/ Sergei Lemberg*
Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
slemberg@lemberglaw.com

*Attorney for Plaintiff*